933 F.2d 1019
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John George DELANEY, Defendant-Appellant.
 No. 90-6355.
 United States Court of Appeals, Tenth Circuit.
 May 20, 1991.
 
 Before McKAY and LOGAN, Circuit Judges, and BRIMMER, District Judge.*
 ORDER AND JUDGMENT**
 LOGAN, Circuit Judge.
 
 
 1
 Defendant John George Delaney appeals the sentence imposed after his guilty plea to conspiracy to make and utter counterfeited obligations of the United States (twenty dollar Federal Reserve notes) in violation of 18 U.S.C. Sec. 371. The only issue on appeal is whether the court properly calculated his offense level.
 
 
 2
 The presentence report which the court adopted referenced U.S.S.G. Sec. 2B5.1, which states a base offense level of nine for offenses involving counterfeit bearer obligations to the United States. That guideline says that if "the face value of the counterfeit items exceeded $2,000, increase by the corresponding number of levels from the table at Sec. 2F1.1 (Fraud and Deceit)." Applying this reference, the court looked to Sec. 2F1.1(b)(1)(K) and added ten levels because defendant had manufactured over $2,000,000 worth of counterfeit notes. This total of nineteen was reduced by two for acceptance of responsibility resulting in an offense level of seventeen, under which the court sentenced.
 
 
 3
 The only contention defendant makes on appeal is that, because the actual loss in the form of counterfeit notes that were distributed was only $7,380, the court should have added only two levels instead of ten for the specific offense characteristics. We hold that the district court properly treated the offense characteristics and we affirm its determination. See id. Sec. 2F1.1, comment. (n. 7) (probable or intended loss should be used if larger than actual loss). We note parenthetically that because this defendant manufactured and produced counterfeit obligations, U.S.S.G. Sec. 2B5.1(b)(2) requires imposition of a minimum offense level of fifteen, significantly above what defendant argues for in this case.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The Honorable Clarence A. Brimmer, Chief Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3